

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2004

# Lopez De Reyes v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4431

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Lopez De Reyes v. Atty Gen USA" (2004). *2004 Decisions*. Paper 149.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/149

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-4431

_____

VALENTINA ANTONIA LOPEZ DE REYES,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

_____

On Petition for Review of Order
of the Board of Immigration Appeals
(No. A44-656-401)

_____

Submitted Under Third Circuit LAR 34.1(a)
June 25, 2004

Before: NYGAARD, McKEE, and CHERTOFF, Circuit Judges.

(Filed: November 3, 2004)

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Valentina Antonia Lopez De Reyes, a citizen of the Dominican Republic, petitions for review of the BIA's decision, which affirmed the IJ without opinion. The issue before us is whether it was appropriate for the BIA to affirm the IJ's decision without opinion in this case. We will deny De Reyes' petition.

I.

Because the facts are known to the parties, we review them only briefly. De Reyes and her daughter entered the United States as conditional permanent residents, on the basis of her marriage to Jose Lopez, a United States citizen. Amid personal and medical troubles, Lopez left De Reyes, and De Reyes obtained a divorce in the Dominican Republic.

After the two were divorced, De Reyes applied to have her conditional status removed pursuant to 8 U.S.C. § 1186a(c)(4)(B). *See* 8 U.S.C. § 1186a(c)(4)(B) (An immigrant may file for a hardship waiver, whereby the Attorney General may remove his conditional status despite the fact that his United States citizen spouse does not jointly petition, if "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse)."). The IJ denied her application after concluding that De Reyes was not credible and had failed to demonstrate that (1) she and her former husband ever had a bona fide

2

marital relationship, and (2) she entered into the marriage in good faith. As a result of the denial of De Reyes' application, she and her daughter were ordered deported.

De Reyes appealed the IJ's decision to the BIA, introducing new evidence that was not available at the time of the hearing before the IJ, including the couple's lease and their joint bank statement. De Reyes also argued that her counsel before the IJ was ineffective. The BIA nonetheless affirmed the decision of the IJ without opinion. De Reyes filed the petition for review that is now before us.

II.

De Reyes challenges the BIA's use of its summary affirmance procedure in her case. She alleges that (1) because she presented new evidence and arguments to the BIA, the Board's use of summary affirmance procedures was inappropriate, and (2) the criteria for using summary affirmance, found at 8 C.F.R. § 1003.1(e)(4)(i), were not met. We address each of these arguments in turn.

De Reyes first asserts that because she presented new evidence to the BIA, summary affirmance was inappropriate. The BIA, however, could not consider new evidence. The amended regulations that apply to De Reyes' case mirror the federal court's rules prohibiting presentation of new evidence not raised before the lower court. *See* 8 C.F.R. §1003.1(d)(3)(IV) ("Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals.").

3

DeReyes also argues that the BIA erred by not considering her new arguments. Though she does not identify which arguments, in particular, were not addressed by the BIA, we presume she is referring to her ineffective assistance of counsel argument. Even so, it was entirely appropriate for the BIA to use the summary affirmance procedure where little or no evidence supported this new argument.

Next, De Reyes contends that the BIA should not have used the summary affirmance procedure because the requirements for doing so were not met. *See* 8 C.F.R. § 1003.1(e)(4)(i)(A)-(B). This Court has jurisdiction to review the BIA's decision to apply the summary affirmance procedure, and we conclude that the requirements were met in the instant case. *Smirko v. Ashcroft*, 2004 WL 2381946, at *1 (3d Cir. Oct. 26, 2004). The Board member concurred with the result of the IJ's decision, the case is controlled by existing precedent and did not involve the application of such precedent to a novel factual situation, and the appeal did not present any of the circumstances specified in the regulation for assignment to a three-member panel. *See* 8 C.F.R. § 1003.1(e)(4)-(6).

III.

For the reasons set forth, we will deny De Reyes' petition for review.